## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| HALBERT JAMES, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No.  3:22-cv-01668-SMY |
| v. | ) ) | Hon. Judge Staci M. Yandle |
| UNIVERSAL PROTECTION SERVICE, LLC, d/b/a ALLIED UNIVERSAL SECURITY SERVICES, | ) ) ) ) | |
| Defendant. | ) ) | |

## PLAINTIFF'S AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, Halbert James, individually and on behalf of all other persons similarly situated, known and unknown, through his attorneys, complains against Defendant Universal Protection Service, LLC d/b/a Allied Universal Security Services ("Defendant" or "Allied Universal"), as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This is a collective and class action for unpaid overtime wages brought by hourly-paid employees.

2. Defendant Allied Universal provides security services and smart technology to clients in a variety of industries throughout the United States.

3. Allied Universal fails to compensate its hourly-paid employees for all time worked in two ways: (i) by following a procedure and policy of paying employees based on scheduled start and end times rather than for all time worked; and (ii) by requiring and/or permitting its employees to perform pre-shift work and post-shift work off-the-clock and without pay.

4. Allied Universal's failure to properly compensate its hourly-paid employees for all

time worked violates the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), and results in the underpayment of overtime wages.

5.      Allied Universal's wage violations will be shown from, among other things, a comparison of the paystubs Defendant issued to its employees and Defendant's own time records for those same employees.

6.      Plaintiff brings his FLSA overtime claims as a collective action pursuant to 29 U.S.C. 216(b) on behalf of hourly employees who worked for Defendant in Illinois.  Plaintiff brings his IMWL overtime claims as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Illinois hourly security guards.

## JURISDICTION AND VENUE

7.      This Court has original jurisdiction over Plaintiff's FLSA claims in this action under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

8.      This Court has supplemental jurisdiction over the IMWL class claims in this action under 28 U.S.C. § 1367.

## THE PARTIES

9.      Plaintiff Halbert James is an individual who Defendant employed from approximately the spring of 2021 to June 6, 2022 as an hourly, non-exempt security guard. Defendant placed Plaintiff to work for Defendant's client, Solvay Flourides, a chemical plant located in Cahokia, Illinois.  Plaintiff resides in and is domiciled within this judicial district.

10.      Defendant Universal Protection Service, LLC d/b/a Allied Universal Security Services is a Delaware limited liability company qualified to transact business in Illinois.

11.      Defendant Allied Universal is a leading security and facility services company that

provides security services and smart technology to its clients in a range of specialty sectors such as education, healthcare, retail, commercial real estate, and government and corporate campuses.

12.     Defendant provides security services and smart technology to customers throughout Illinois.

13.     Defendant employed Plaintiff and other similarly situated security guards as "employees," as that term is defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and Section 3(d) of the IMWL, 820 ILCS § 105/3(d).

14.     At all relevant times, Defendant was an "employer" of Plaintiff and other similarly situated persons, as that term is defined by Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and Section 3(c) of the IMWL, 820 ILCS § 105/3(c).

## FACTUAL ALLEGATIONS

*A.*     ***Defendant's Policy and Practice of Paying Wages Based on Scheduled Work Time Rather Than All Time Worked***

15.     Defendant required Plaintiff and similarly situated employees to clock in and out electronically which allows Defendant's timekeeping system to collect, track, monitor, sort and maintain their clock in and clock out times.  Defendant also required Plaintiff and similarly situated workers to use handwritten timesheets to record their scheduled start and end times of work.

16.     For purposes of calculating the amount to pay a security employee, Defendant routinely calculates the time work started and ended based on the employee's scheduled shift start and end times (the "Timekeeping Policy").  Thus, under the Timekeeping Policy, Defendant bases pay on the scheduled shift times of the employees rather than on all time worked.

17.     Plaintiff and similarly situated hourly-paid employees performed compensable work activities while "on the clock" and during the time that Defendant did not pay for pursuant to its Timekeeping Policy, including work activities such as completing the handoff where the

guard on duty being replaced would need to update the replacement regarding what had transpired during the shift and things and events the replacement could expect to deal with during his upcoming shift.

18.     As a direct consequence of the Timekeeping Policy, Defendant has been systematically underpaying its employees significant sums of wages.

19.     The Timekeeping Policy results in Defendant failing to pay hourly employees accurately and fairly over time, to Defendant's financial gain and the hourly employees' financial detriment.

20.     The aggregate sum of unpaid wages for all employees as a result of the Timekeeping Policy is substantial on a daily, weekly, and an annual basis.  This is particularly so because Defendant employed thousands of hourly employees during the applicable statutory recovery periods.

21.     If Defendant paid its hourly employees on a continuous workday basis – paid from actual punch time in to actual punch time out – its hourly employees would be paid more wages.

22.     Additionally, Defendant has personnel and disciplinary policies that further ensure that the Timekeeping Policy will work to Defendant's advantage and its hourly employees' detriment.  For example, Defendant's tardiness and punctuality policies and practices do not allow hourly employees to freely or frequently be tardy or late to work.

23.     Under Defendant's tardiness and punctuality policies, hourly employees who are tardy may be subject to discipline up to and including termination.

24.     Plaintiff and similarly situated hourly employees regularly begin working before the start of their scheduled shift time, as opposed to after their scheduled start time. Likewise,

Plaintiff and similarly situated hourly employees regularly stop working after the end of their scheduled shift time, as opposed to before their scheduled end time.

26.     Under Defendant's policies and practices, once Plaintiff and similarly situated hourly employees clock into work, they are considered by Defendant to be "on the clock" and should be working.

26.     Under Defendant's policies and practices, once Plaintiff and similarly situated hourly employees clock into work, Defendant requires them to remain clocked in and "on the clock" when they are performing their job duties and/or work-related activities.

27.     Rather than paying its employees all time worked as recorded by its timekeeping system, Defendant only pays its employees based on their scheduled shift start and end times.

28.     The paystubs that Defendant issued to Plaintiff and other similarly situated hourly employees show that the employees are routinely paid an exact number of hours (*e.g*., exactly 32.0 hours or 40.0 hours), rather than being paid to the minute.  Attached as Group Exhibit 1 are copies of Plaintiff's paystubs which reflect Defendant's Timekeeping Policy, where Defendant only pays Plaintiff based on his scheduled clock in and out times.

> **B.     *Defendant's Practice of Requiring and/or Permitting Hourly-Paid Security Guards to Work Before and After Their Scheduled Shift and Clock Out Time***

29.     Defendant placed Plaintiff and similarly situated, hourly-paid employees to work at various locations of its clients throughout Illinois.

30.     Defendant required and/or permitted Plaintiff and similarly situated, hourly-paid employees to perform work before the beginning of their scheduled shift and clock-in time, and after the end of their scheduled shift and clock-out time.

31.     In particular, Defendant required and/or permitted Plaintiff and similarly situated, hourly-paid employees to provide a report of activity that had transpired during the shift that was ending, and of activity the replacement coming on duty should anticipate during his shift.

32.     Defendant's policy and practice was to not pay for the pre- and post-shift work.

33.     Defendant knew that its hourly-paid employees were performing these pre- and post-shift activities.

34.     Despite knowing that Plaintiff and similarly situated hourly-paid employees performed this pre- and post-shift work while off the clock, Defendant did not make any effort to stop or otherwise disallow this pre- and post-shift work and instead allowed and permitted it to happen.

35.     The amount of uncompensated time Plaintiff and those similarly situated to him spend or have spent on these required and unpaid pre- and post-shift work activities averages approximately ten (10) minutes per day and sometimes more per person.

**C.     *Defendant's Failure to Pay Overtime Wages to Its Hourly Employees***

36.     Defendant typically scheduled Plaintiff to work from 7:00 a.m. to 3:00 p.m., with no meal break during the workday.

37.     Pursuant to Defendant's Timekeeping Policy and practice, Defendant paid Plaintiff based on his scheduled shift start and end times, rather than based on Plaintiff's actual clock-in and clock-out times.

38.     Plaintiff typically worked an average of about 10 minutes or more without pay each day.

39.     The net effect of Defendant's policies and practices, instituted and approved by Defendant's managers, is that Defendant willfully failed to pay overtime compensation to Plaintiff

6

and others similarly situated, and willfully failed to keep accurate time records, in order to save payroll costs.  Defendant thus enjoyed ill-gained profits at the expense of its hourly employees.

40.     Plaintiff and others similarly situated at times work or worked in excess of forty hours per week for Defendant in a given workweek.

41.     Defendant's policy and practice of requiring its employees to perform work without pay in many instances has caused and continues to cause Plaintiff and other similarly situated hourly employees to work in excess of forty hours per week, without being properly compensated at a wage of 1.5 times their respective hourly rate for such work performed, as required by Section 207 of the FLSA, 29 U.S.C. § 207 and Section 4a of the IMWL, 820 ILCS § 105/4a.

42.     Defendant's failure to compensate its non-exempt, hourly employees with the full amount of the applicable overtime wage has caused Plaintiff and other similarly situated hourly employees to suffer harm.

43.     Defendant's non-exempt, hourly employees are entitled to compensation for all time they worked without pay in any given workweek.

## COLLECTIVE ACTION ALLEGATIONS

44.     Plaintiff brings Count I of this Complaint as a collective action on behalf of himself and all other current and former hourly employees of Defendant who were not paid for all time worked pursuant to Defendant's Timekeeping Policy as described herein.

45.     Plaintiff's Counsel seek to send notice of this lawsuit to the following described persons:

> All hourly employees of Defendant who worked in Illinois as security guards between July 26, 2019 and the present who Defendant did not pay for all time worked prior to the scheduled start time of a shift or after the scheduled end time of a shift during a seven day pay period where the employees worked at least 40 hours.

46.     Plaintiff and the other employees described in Paragraph 45 are similarly

situated to one another because they are hourly employees of Defendant who were not paid for all pre-shift and post-shift time worked.

47.     Plaintiff and the other employees described in Paragraph 45 are similarly situated to one another because they are hourly-paid security employees who were required to perform pre- and post-shift work without pay pursuant to Defendant's Timekeeping Policy and practice.

48.     Plaintiff and the other hourly employees described in Paragraph 45 are similar because Defendant did not pay them for all time they actually worked.

49.     There are questions of law or fact common to the employees described in each of Paragraph 45.

50.     Plaintiff is similarly situated to the employees described in each of Paragraph 45, as Plaintiff's claims are typical of the claims of those persons.

51.     Plaintiff's claims or defenses are typical of the claims or defenses of the persons described in Paragraph 45.

52.     This is not a collusive or friendly action.  Plaintiff has retained counsel experienced in complex employment litigation, and Plaintiff and his counsel will fairly and adequately protect the interests of the persons described in Paragraph 45.

53.     A collective action is the most appropriate method for the fair and efficient resolution of the matters alleged in Count I.

54.     At all relevant times, Defendant employed Plaintiff and the persons described in Paragraph 45.

## <u>CLASS ACTION ALLEGATIONS</u>

55.     Plaintiff brings Counts II as a class action pursuant to Fed. R. Civ. P. 23 on behalf

of himself and all other current and former hourly employees of Defendant who Defendant required and/or permitted to perform the work described herein without pay.

56.     With respect to Plaintiff's IMWL claims, Plaintiff seeks to represent a class that is comprised of and defined as:

> All hourly employees of Defendant in who worked in Illinois as security guards between July 26, 2019 and the present who Defendant did not pay for all time worked prior to the scheduled start time of a shift or after the scheduled end time of a shift during a seven day pay period where the employees worked at least 40 hours (the "IMWL Class").

57.     This action is being brought as a class action pursuant to Fed. R. Civ. P. 23, because the IMWL Class is so numerous that joinder of all class members is impracticable.

58.     Plaintiff and the other employees in the IMWL Class are similarly situated to one another because they were all subject to the Timekeeping Policy.

59.     Plaintiff and the other employees in the IMWL Class are similar because Defendant did not pay them for the work time that Defendant rounded away under the Timekeeping Policy.

60.     Plaintiff and the other employees in the IMWL Class have been detrimentally affected by Defendant's policy and practice of paying wages based on scheduled start and stop times rather than for all time worked.

61.     Plaintiff and the other employees in the IMWL Class are similar because Defendant did not pay them for the pre- and post-shift work time that Defendant required of them.

62.     Plaintiff and the other employees in the IMWL Class have been detrimentally affected by Defendant's failure to pay them for the pre- and post-shift work time Defendant required of them.

63.     Plaintiff and the members of the IMWL Class are similar because Defendant did not pay them for all time they actually worked.

64.     Plaintiff and the members of the IMWL Class have been detrimentally affected

by Defendant's failure to pay all earned wages to Plaintiff and the class members.

65.     Furthermore, members of the IMWL Class still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

66.     The issues involved in this lawsuit present common questions of law and fact; these common questions of law and fact predominate over the variations that may exist between members of the IMWL Class, if any.

67.     Plaintiff and the members of the IMWL Class, as well as Defendant, have a commonality of interest in the subject matter and the remedy sought.

68.     Plaintiff is able to fairly and adequately represent and protect the interests of the members of the IMWL Class.

69.     If individual actions were required to be brought by each member of the IMWL Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the members of the IMWL Class, to the Court, and to Defendant.  Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the IMWL Class is entitled.

70.     Plaintiff has retained counsel experienced in complex employment litigation and in class action litigation.  Plaintiff's Counsel are competent and experienced in litigating large wage and hour and other employment class actions.

71.     Plaintiff and his counsel will fairly and adequately protect the interests of the IMWL Class.

**COUNT I – FLSA**
**(Failure to Pay Overtime Wages)**

72.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 54 as Paragraph 72 of this Count I.

73.     Plaintiff, individually and on behalf of the collective described in Paragraph 45, asserts claims for unpaid overtime pursuant to the FLSA.

74.     At all times relevant hereto, Defendant was an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

75.     At all times relevant hereto, Defendant was an "employer" of Plaintiff and the members of the collective described in Paragraph 45 within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

76.     At all times relevant hereto, Plaintiff and the members of the collective described in Paragraph 45 were "employees" of Defendant as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

77.     Plaintiff and the members of the collective described in Paragraph 45 were not paid for all time worked in excess of 40 hours in a week during the applicable statutory time period, in violation of the maximum hours provisions of the FLSA, 29 U.S.C. § 207.

78.     At all times relevant hereto, Defendant's failure to pay Plaintiff and the members of the collective described in Paragraph 45 premium pay for all time worked over 40 hours in a week was willful in that, among other things:

    a.   Defendant knew that the FLSA required it to pay employees time and one-half for all time worked over 40 hours in a week;

    b.   Defendant failed to maintain true and accurate time records; and

    c.   Defendant knew that the policy of paying employees based on scheduled start times and scheduled end times resulted in its employees not being paid for all time worked.

79.     As a direct and proximate result thereof, Plaintiff and the members of the collective described in Paragraph 45 are due unpaid back wages and liquidated damages, pursuant to 29 U.S.C. § 216.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, by and through his attorneys, demands judgment against Defendant and in favor of Plaintiff and all others similarly situated in a sum that will properly, adequately and completely compensate them for the nature, extent and duration of their damages, the costs of this action and as follows:

   a. Declare and find that the Defendant committed one or more of the following acts:

      i. Violated provisions of the FLSA for Plaintiff and all persons who opt-in as party plaintiffs; and

      ii. Willfully violated provisions of the FLSA for Plaintiff and all persons who opt-in as party plaintiffs.

   b. Award compensatory damages, including all wages and overtime pay owed, in an amount according to proof;

   c. Award liquidated damages on all wages and overtime compensation due to Plaintiff and all persons who opt-in as party plaintiffs;

   d. Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

   e. Grant leave to amend to add claims under applicable state and federal laws to conform with the proofs at trial;

   f. Grant leave to add additional plaintiffs by motion or any other method approved by the Court to conform with the proofs at trial; and

   g. Grant such further relief as the Court deems just and equitable.

   a. Grant such further relief as the Court deems just and equitable.

### COUNT II – ILLINOIS MINIMUM WAGE LAW
**(Failure to Pay Earned Overtime Wages)**

80.    Plaintiff hereby re-alleges and incorporates by reference Paragraphs 1 through 43 and 55 through 71 as Paragraph 80 of this Count II, as if fully set forth herein.

81.    This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

82.    The matters set forth in this Count II arise from Defendant's violation of the

overtime compensation provisions of the Illinois Minimum Wage Law, 820 ILCS § 105/4a. Plaintiff brings this action on his own behalf and on behalf of the members of the IMWL Class pursuant to 820 ILCS § 105/12(a).

83.    Defendant employed Plaintiff and other similarly situated hourly workers as "employees," as the term "employee" is defined Section 3(d) of the IMWL, 820 ILCS § 105/3(d).

84.    At all relevant times, Defendant was an "employer" of Plaintiff and other similarly situated hourly workers, as the term "employer" is defined by Section 3(c) of the IMWL, 820 ILCS § 105/3(c).

85.    Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff and the members of the IMWL Class worked in excess of forty (40) hours, Plaintiff and members of the IMWL Class were entitled to be compensated at one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

86.    Defendant did not pay Plaintiff and members of the IMWL Class one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

87.    Defendant violated the Illinois Minimum Wage Law by failing to compensate Plaintiff and the members of the IMWL Class at one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

88.    Pursuant to 820 ILCS § 105/12(a), Plaintiff and the members of the IMWL Class are entitled to recover treble damages and statutory penalties in the amount of five percent (5%) per month of the amount of underpayments.

WHEREFORE, Plaintiff and the members of the IMWL Class pray for a judgment against Defendant as follows:

a.    That the Court determine that this action may be maintained as a class action.

b.  A judgment in the amount of one and one-half times Plaintiff's and each other member of the IMWL Class' regular rate for all time they worked in excess of forty (40) hours per week, trebled;

c.  Statutory damages pursuant to the formula set forth in 820 ILCS § 105/12(a);

d.  Reasonable attorneys' fees and costs incurred in filing this action; and

e.  Such other and further relief as this Court deems appropriate and just.

Dated:  May 9, 2023                     Respectfully submitted,

                                        /s/ Catherine P. Sons
                                        One of Plaintiff's attorneys

James X. Bormes                         Thomas M. Ryan
Catherine P. Sons                       Law Office of Thomas M. Ryan, P.C.
Law Office of James X. Bormes, P.C.     35 East Wacker Drive
8 South Michigan Avenue                 Suite 650
Suite 2600                              Chicago, Illinois 60601
Chicago, Illinois 60603                 312-726-3400
312-201-0575                            tom@tomryanlaw.com
jxbormes@bormeslaw.com
cpsons@bormeslaw.com

David T. Butsch
Christopher E. Roberts
Butsch Roberts & Associates LLC
231 South Bemiston Ave., Suite 260
Clayton, MO  63105
Tel. (314) 863-5700
butsch@butschroberts.com
roberts@butschroberts.com

<u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on the 9th day of May, 2023, she caused the foregoing Plaintiff's Amended Collective and Class Action Complaint to be filed via the CM/ECF system, which will cause notification of such filing to be served on all counsel of record.

<u>/s/ Catherine P. Sons</u>
One of Plaintiff's attorneys