**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| HALBERT JAMES, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No.  3:22-cv-01668-SMY |
| v. | ) ) | Hon. Judge Staci M. Yandle |
| UNIVERSAL PROTECTION SERVICE, LLC, d/b/a ALLIED UNIVERSAL SECURITY SERVICES, | ) ) ) ) ) | |
| Defendant. | ) | |

**PRELIMINARY APPROVAL ORDER**

THIS MATTER COMING before the Court on the Plaintiff's Motion and Memorandum for Preliminary Approval of the Parties' Class and Collective Action Settlement (the "Motion") (Dkt. No. 68), and having considered the papers submitted to the Court and proceedings to date,

**THE COURT FINDS AS FOLLOWS:**

1. The Plaintiff's Motion is **GRANTED**.

2. The settlement class certification requirements of Federal Rule of Civil Procedure 23 and the collective action certification requirements of 29 U.S.C. § 216(b) are satisfied with respect to the Rule 23 settlement class and the Section 216(b) settlement collective.

3. Pursuant to Federal Rules of Civil Procedure 23(a), (b)(3), and (e), the Court provisionally certifies the following settlement Class:

> All non-exempt employees without arbitration agreements who worked for Defendant as security professionals in the state of Illinois from July 26, 2019, through the date of preliminary approval.

4. Pursuant to 29 U.S.C. § 216(b), the Court conditionally certifies the following settlement collective:

>All non-exempt employees without arbitration agreements who worked for Defendant as security professionals in the state of Illinois from July 26, 2019, through the date of preliminary approval.

5. The settlement ("Settlement") memorialized in the Settlement Agreement is fair, reasonable, and adequate, and therefore meets the requirements for preliminary approval.

6. The Court appoints Halbert James as the Settlement Class Representative, and Plaintiff's counsel, James X. Bormes and Catherine P. Sons of Law Office of James X. Bormes, P.C., Thomas M. Ryan of Law Office of Thomas M. Ryan, P.C. and David T. Butsch and Christopher E. Roberts of Butsch Roberts & Associates, LLC, as settlement class counsel.

7. The Court appoints Analytics, LLC as the Settlement Administrator.

8. The Court approves, as to form and content, the proposed Notice of Class and Collective Action Settlement ("Notice") attached as Exhibit 3 to the Plaintiff's Motion. The Court finds that the procedures for notifying the settlement class and collective members about the Settlement as described in the Settlement Agreement provide the best notice practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement and the Fairness Hearing to all persons and entities affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of Federal Rule of Civil Procedure 23, 29 U.S.C. § 216(b), due process, the Constitution of the United States of America, the laws of the State of Illinois, and all other applicable laws. The Notice is accurate, objective, and informative, and provides settlement class and collective members with all of the information necessary to make an informed decision regarding their participation in the Settlement and its fairness.

9. The Court hereby sets the following schedule of events:

| Event | Time | Date |
|---|---|---|
| Notice Complete | 30 days after Preliminary Approval | February 5, 2024 |
| Opt-Out Deadline | 45 days before Final Fairness Hearing | April 5, 2024 |
| Deadline to Submit Objections | 45 days before Final Fairness Hearing | April 5, 2024 |
| Motion for Final Approval, Motion for Incentive Award, and Motion for Attorneys' Fees and Costs | No later than 30 days before Final Fairness Hearing | April 19, 2024 |

10. A hearing, for purposes of determining whether the Settlement should be finally approved (the "Fairness Hearing"), shall be held before this Court on **May 20, 2024, at 9:30 a.m.**, at the United States District Court for the Southern District of Illinois, 301 W. Main Street, Benton, Illinois 62812.

11. Pending the Court's decision on final approval of the Settlement and entry of the Court's Final Approval Order, the Named Plaintiff and all settlement class and collective members and anyone acting on their behalf shall be barred and enjoined from: (a) further litigation in this case; or (b) filing, commencing, prosecuting, pursuing or participating on an individual or class or collective action basis any action, claim or proceeding against Defendant in any forum in which any of the Released Claims (as set forth in Section 5.1 of the Settlement Agreement) are asserted.

12. In the event that the Final Effective Date (as defined in the Settlement Agreement)

does not occur, the Settlement and the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever.

**IT IS SO ORDERED.**

**DATED**: **January 5, 2024**

Staci M. Yandle
United States District Judge